IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JEREMIAH JAMES GOODWIN, | ) | |
| Plaintiff, | ) | Civil Action No. 7:21-cv-00367 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| INDIVIDUALS INVOLVED, | ) | United States District Judge |
| Defendants. | ) | |

**MEMORANDUM OPINION**

Plaintiff Jeremiah James Goodwin, proceeding *pro se*, filed a civil rights complaint

pursuant to 42 U.S.C. § 1983.  His original complaint named two defendants: "NWRADC Jail"

and "Commonwealth."  (Compl. 1, Dkt. No. 1.)  The assigned United States Magistrate Judge

conditionally filed that complaint and directed Goodwin to file an amended complaint.  (Dkt. No

12.)  In doing so, the court noted that Goodwin had failed to identify a proper defendant to a §

1983 claim.  The order specifically instructed that any amended complaint "**must be a new**

**pleading that stands by itself without reference to a complaint, attachments, or**

**amendments already filed**.  **Plaintiff's filings to date will not be treats as part of his**

**complaint by the court and should not be incorporated by reference by plaintiff in the**

**proposed amended complaint.**"  (*Id.* at 3 (emphasis in original).)

Goodwin has submitted his amended complaint (Dkt. No. 13), which is now before the

court for review pursuant to 28 U.S.C. § 1915A(a).  Goodwin's amended complaint fails to

correct the deficiencies from his original complaint, however, and it must be dismissed.

## I.   DISCUSSION

Under 28 U.S.C. § 1915A(a), the court must conduct an initial review of a "complaint in

a civil action in which a prisoner seeks redress from a governmental entity or officer or employee

of a governmental entity."  *See also* 28 U.S.C. § 1915(e)(2)(B) (requiring court, in a case where a

plaintiff is proceeding *in forma pauperis*, to dismiss the case if it is frivolous or fails to state a

claim on which relief may be granted).  Pleadings of self-represented litigants are given a liberal

construction and held to a less stringent standard than formal pleadings drafted by lawyers.

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).  Liberal construction does not mean,

however, that the court can ignore a clear failure of a pleading to allege facts setting forth a claim

cognizable in a federal district court.  *See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391

(4th Cir. 1990).

      Applying those standards here, it is clear that Goodwin's complaint must be dismissed.

**A.  Lack of Proper Defendant**

      First of all, the only defendant named in the caption of Goodwin's amended complaint is

"Individuals Involved."  (Am. Compl. 1, Dkt. No. 13.)  Goodwin does not provide any additional

detail as to who those individuals were, their positions or physical descriptions, or what any of

them did or did not do.  He also fails to provide any dates or other relevant information that

would assist in identifying any such individuals.

      As the court's prior order advised him, "[t]o state a claim under § 1983[,] a plaintiff must

allege the violation of a right secured by the Constitution and laws of the United States, and must

show that the alleged deprivation was committed by a person acting under color of state law."

*Loftus v. Bobzien*, 848 F.3d 278, 284–85 (4th Cir. 2017) (internal quotation marks omitted).

Liability under § 1983 is "personal, based upon each defendant's own constitutional violations."

*Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001) (internal citation omitted).  Thus, a § 1983

claim requires factual detail about each defendant's personal involvement.  *See Wilcox v. Brown*,

877 F.3d 161, 170 (4th Cir. 2017) (explaining that liability will lie under § 1983 only "where it is

affirmatively shown that the official charged acted personally" in the violation of plaintiff's

rights and affirming dismissal of claim where plaintiff did not allege personal involvement by

defendant) (quoting *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)).  Goodwin's

complaint names does not name any proper defendant and does not specify any actions by any

person—identified or not—that that he believes violated his constitutional rights.

### B.  Vague And Insufficient Allegations

Second, Goodwin's factual allegations are vague, to say the least.  In its entirety, the

factual matter he offers is as follows: "lymes [sic] was not treated by Jail even at 7 months I

think Jesus got it. I'm almost positive it's gone."  While he appears to be claiming that some

unidentified individuals did not treat his Lyme disease for some period of time, that is the extent

of his wholly conclusory allegations against unidentified defendants.  That is not sufficient to

state a plausible claim for relief.

To state a cognizable Eighth Amendment claim for denial of medical care, a plaintiff

must allege facts sufficient to demonstrate that the defendant was deliberately indifferent to a

serious medical need.  *Estelle v. Gamble*, 429 U.S. 97, 105 (1976); *Staples v. Va. Dep't of Corr.*,

904 F. Supp. 487, 492 (E.D. Va. 1995).  To establish deliberate indifference, a plaintiff must

present facts to demonstrate that the defendant had actual knowledge of an objectively serious

medical need and disregarded that need.  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see also*

*Rish v. Johnson*, 131 F.2d 1092, 1096 (4th Cir. 1997).  Even assuming Lyme disease is a serious

medical need, Goodwin's amended complaint wholly fails to set forth facts sufficient to plead

that any defendant had actual knowledge that he had Lyme disease and disregarded it.

### II.  CONCLUSION

For the foregoing reasons, Goodwin's amended complaint is subject to dismissal.

Because Goodwin already has been given one opportunity to amend his complaint and has failed

to comply with the court's directions, the court will not allow another amendment in this case.

Instead, the court will dismiss his complaint without prejudice pursuant to 28 U.S.C.

§ 1915A(b)(1).  If Goodwin wants to continue to assert any claim based on his Lyme disease, he may file a new complaint in a new case.  If he does so, he must provide sufficient factual matter to state a plausible claim and must name a proper defendant.

An appropriate order will be entered.

Entered: November 4, 2021.

*/s/ Elizabeth K. Dillon*

Elizabeth K. Dillon
United States District Judge

4